. N. W. Caston v. The State.

No. 6734.   Decided March 8, 1922.

Forgery—Practice on Appeal—Approval of Statement of Facts.

In the absence of a statement of fact and a bill of exceptions, the purported statement of facts cannot be considered for the reason that it is not authenticated by agreement with the attorneys or the approval of the trial judge.

Appeal from the District Court of Cherokee.   Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*John B. Guinn,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for forgery; punishment fixed at confinement in the penitentiary for two years.

No fundamental errors appear.   The record contains no bill of exceptions.

The purported statement of facts cannot be considered for the reason that it is not authenticated by agreement with the attorneys or approval of the trial judge.   The approval of the trial judge is essential.   Vernon's Texas Crim. Statutes, Vol. 2, p. 819, note 22, and cases listed.

The judgment is affirmed.

*Affirmed.*

---

Rainer Tucker v. The State.

No. 6722.   Decided March 8, 1922.

1.—Carrying Pistol—Words and Phrases—Record on Appeal.

Examining the record, the testimony omitted the word "not," which should be supplied in the consideration of the testimony.

2.—Same—Newly Discovered Testimony—Affidavit—Practice on Appeal.

Where, upon trial of unlawfully carrying a pistol, defendant was convicted on testimony of two State's witnesses, who contradicted each other directly as to whether the defendant held the pistol in his hand or had it under his clothes, etc., and in the motion for new trial, supported by affidavit, it was shown that the absent testimony would prove the defendant's contention, that the pistol which he was alleged to have carried was in his trunk at home at the time, a new trial should have been granted.